IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY E. HAILSTOCK, HW-1688, ) | |
|     Petitioner, ) | |
| ) | |
| v, ) | 2:11-cv-1071 |
| ) | |
| MR. BICKLE, et al., ) | |
|     Respondents. ) | |

MEMORANDUM and ORDER

Mitchell, M.J.:

    Randy E. Hailstock has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Hailstock was convicted of criminal trespass in the Court of Common Pleas of Mercer County, Pennsylvania on November 25, 2008 and sentenced to a one to five year period of incarceration. It is not his conviction which he challenges here but rather the actions of the Pennsylvania Board of Probation and Parole ("the Board") in denying him release on parole.[1]

    In response to the petition, the respondents have submitted the declaration of John Janis, an employee of the Board in which a detailed summary of the petitioner's criminal record is outlined.  The petitioner was originally serving a one to two year sentence for theft by receiving stolen property and paroled in April 1979 to a detainer for a one to eight year sentence for robbery. He was paroled from the latter sentence on April 9, 1980 whereupon he was recommitted as a technical and convicted parole violator. On March 27, 1987, Hailstock was reparoled to a new three and a half to seven year sentence he received for offenses committed while on parole. He was again released on parole on October 13, 1988. While on parole he was again committed as a technical parole violator and for a new criminal offense. On May 28, 1992

---

[1] See: Petition at ¶¶ 1-5, 11(e).

1

he was reparoled to serve his new one to three year sentence on the underlying conviction which served as the basis for the parole revocation. He completed these sentences on May 28, 1995.[2]

On November 15, 2008, Hailstock was sentenced to the one to five year sentence for criminal trespass with a minimum sentence expiration date of November 1, 2009 and a maximum expiration of November 1, 2013. Petitioner was considered for parole on three occasions and his release was denied.

His first denial occurred on August 6, 2009 when release was denied on the basis of need to participate in and complete additional institutional programs; his risk to the community; his prior unsatisfactory parole history and his denial of the nature and circumstances of the offense.[3]

On August 5, 2010, he was again considered for parole and release was denied based on his prior unsatisfactory parole history; his risk to the community; his failure to demonstrate motivation for success and his denial of the offense.[4]

Petitioner was again denied parole on June 22, 2011 due to his need to participate in additional institutional programs; his danger to the community; his lack of remorse and other factors.[5] These actions constitute the basis for the instant petition.

Hailstock now comes before this Court and contends he is entitled to relief on the following grounds:

1. Double jeopardy in that the Board arbitrarily and capriciously denied parole in reliance of the rationale of the sentencing judge.
2. Due process violation in arbitrarily denying his release on parole.
3. Equal protection violation by the Board in acting in other than a fair and impartial manner regarding his release.[6]

Where, as here, a petitioner seeks to challenge the denial of parole on constitutional grounds, there is no exhaustion requirement except in very limited circumstances not relevant here. <u>Defoy v. McCullough</u>, 393 F.3d 439,444 (3d Cir.) cert. denied 125 S.Ct. 2970 (2005).

The petitioner first alleges that his repeated denials of parole violated the double jeopardy provisions of the Fifth Amendment which prohibits "any person … be[ing] subject for the same offence to be twice put in jeopardy of life or limb…" This provision

---

[2] See: Declaration of John Janis appended to the answer.
[3] See: Exhibit 2 to the answer.
[4] See: Exhibit 3 to the answer.
[5] See: Exhibit 8 to the answer.
[6] See; Petition at ¶12.

applies in criminal prosecutions and bars multiple punishments for the same crime, Hudson v. United States, 522 U.S. 93, 98-99 (1997). It is not applicable to parole proceedings since petitioner is not being required to serve a multiple or enhanced sentence but merely the unexpired portion of his sentence. North Carolina v. Pearce, 395 U.S. 711,717 (1960) overruled on other grounds Alabama v. Smith, 490 U.S. 794 (1989). See also: United States ex rel. Lawson v. Cavell, 425 F.2d 1350 1352 (3d Cir.1970). Thus he has failed to state a double jeopardy violation.

Hailstock also contends that he suffered a due process violation in that he was arbitrarily denied release on parole.

The present matter can be resolved on the grounds that the petitioner was not denied due process when his parole was denied. The relevant Pennsylvania statute, 61 Pa.C.S.A.§6137 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." As discussed above, the petitioner has failed to demonstration any arbitrariness or capriciousness in the Board's determination but rather the record reflects that in fulfilling its charge the Board concluded that the petitioner was not a suitable candidate for parole for the reasons set forth. Indeed, the mandate of the Board is that parole *may* be granted where the best

interests of the inmate justify release and it does not appear that the Commonwealth's interests would be injured by such release. 61 Pa.C.S.A. §6137(a).

Because the Board's actions were not arbitrary or capricious but rather soundly grounded in its mandate, this claim does not provide a basis for relief here.

The petitioner's final argument is that his equal protection rights were violated by the Board. As set forth in the Fourteenth Amendment, no state may deny "any person within its jurisdiction the equal protection of the laws." That is "all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 478 U.S. 432, 439 (1985). The Third Circuit has concluded that no "two prisoners could ever be considered" to fall in this category. Taliferro v. New Jersey Parole Bd., 460 F.2d 289, 290 (3d Cir.1972).

In the instant case the petitioner does not demonstrate how he was treated differently from other similarly situated individuals other than alleging that the Board "in its capacity as pseudo judiciary circumventing the authority of the sentencing court" since it lacks all sentencing authority.[7] The determination of whether to grant or deny parole is the exclusive function of the Board. See: 61 Pa.C.S.A. 6132. Accordingly, as a matter of state law, it is not subject to review here. Taylor v. Horn, 504 F.3d 416 (3d Cir.2007), cert. denied 129 S.Ct. 92 (2008).

Thus, because there is no merit to the issues raised by the petitioner in that his continued incarceration is not in any manner contrary to federal law as determined by the Supreme Court, he is not entitled to relief here. 28 U.S.C. §2254(d)(1) and (2). For this reason, the petition of Randy Hailstock for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[7] See: Petitioner's Memorandum at p.9.

ORDER

AND NOW, this 28th day of December 2011, for the reasons set forth in the foregoing Memorandum the petition of Randy E. Hailstock for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                                          s/ Robert C. Mitchell
                                                          United States Magistrate Judge